UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA FOLEY, et al.,

                              Plaintiffs,

              -against-

UNION DE BANQUES ARABES ET
FRANÇAISES,

                              Defendant.

**<u>ORDER</u>**

22-cv-1682 (ER)

On July 20, 2023, the Court granted in part and denied in part Union de Banques Arabes et Françaises' ("UBAF's") motion to dismiss Plaintiffs' claims.  Doc. 26 ("the Opinion").  Following UBAF's request for reconsideration or, in the alternative, a stay (Doc. 27), the Court stayed the instant case on August 10, 2023, pending the Second Circuit's decision in *Levin v. Bank of New York*, No. 22-2624, which had been anticipated to squarely address the continued viability of *Peterson v. Islamic Republic of Iran*, 876 F.3d 63, 76 (2d Cir. 2017) *(Peterson II)* and, therefore, Plaintiffs' surviving turnover claims.  Doc. 33.  The *Levin* parties stipulated to dismiss the appeal with prejudice on August 15, 2023 (*see* Doc. 37-1), and UBAF filed of a notice of appeal of the Opinion on August 21, 2023 (Doc. 36).  Consequently, on August 25, 2023, the Court ordered the parties to submit letters of no more than three pages as to whether the case must remain stayed in light of UBAF's appeal, notwithstanding the resolution of *Levin*.  Doc. 38.

The Court is in receipt of the parties' letters.  Docs. 41 and 42.  For the reasons set forth below, the Court lifts the stay, denies the motion for reconsideration on the papers,[1] and declines to certify the case for appeal.

## I.      PLAINTIFFS' ARGUMENTS

Plaintiffs argue first that the Opinion is not properly appealable because (1) it is neither a final order nor a collateral order as merely a denial of attachment and execution immunity, rather than immunity from suit, and (2) while a foreign state may bring an interlocutory appeal of immunity, a private third party like UBAF may not.  Doc. 41 at 1-2.

Second, even if UBAF's appeal was proper, it would divest the Court of jurisdiction only with respect to the issues being appealed, but the Court would otherwise retain jurisdiction sufficient to allow the parties to proceed to discovery because execution immunity does not carry with it coextensive immunity from discovery in aid of execution.  *Id.* at 2–3.

And, third, a discretionary stay is improper.  *Id.* at 3.

## II.     UBAF'S ARGUMENTS

First, UBAF acknowledges that the Second Circuit does not recognize a categorical rule that denial of attachment immunity is an appealable collateral order.  Doc. 42 at 1.  But, it argues that the Opinion is nonetheless immediately appealable because the Second Circuit allows appeal of attachment immunity if, as here, it "(i) 'conclusively determine[s] the disputed question'; (ii) 'resolve[s] an important issue completely separate from the merits of the action'; . . . (iii) '[would] be effectively unreviewable on appeal from a final judgment,'" and (iv) "present[s] an important question of law."  *Id.* at 2 (quoting *Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 240-

_____

[1] As discussed below, UBAF requested that the Court decide the reconsideration motion on the basis of the parties' premotion letters.  Doc. 42 at 3.

41 (2d Cir. 2006)).  The only example to which it points, however, is *EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d Cir. 2012), in which the Second Circuit held that an order denying Argentina's claimed immunity from discovery in aid of execution was an immediately appealable collateral order.  *Id.*  UBAF also states that the sovereign need not appear to assert a defense of execution immunity because the immunity inures in the property itself and thus may be asserted by a third party.  *Id.* at 1 n. 1.

Second, UBAF argues that its notice of appeal will become effective only upon the Court's decision upon its motion for reconsideration and therefore asks the Court to decide the motion, either on its premotion letters or by full briefing, "for the benefit of the Second Circuit's review." *Id.* at 2–3.  It also asks that, if reconsideration does not dismiss the turnover claim, the Court certify all issues from the Opinion for an interlocutory appeal.  *Id.* at 3.

Third, UBAF argues that a stay is nonetheless appropriate, either mandatorily because the appeal divests the Court of jurisdiction, or as a matter of discretion.  *Id.*

## III.   ORDER

First, UBAF concedes that attachment immunity is not generally appealable in this Circuit. *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 114–15 (2d Cir. 1991); *see also Kensington*, 461 F.3d at 242.  And its citation to *EM Ltd.*, 695 F.3d at 206–207, is of no avail because it concerns only immunity from *discovery in aid of* execution, not immunity from attachment and execution, as here.  In comparison, as "an erroneous grant of [an attachment] order will not subject a foreign state to a proceeding that could be avoided by a successful appeal."[2]

---

[2] UBAF also argues that the Opinion "effectively attaches property held overseas and will require UBAF to bring it into New York" and is therefore an immediately appealable injunction.  Doc. 42 at 2.  The Opinion did not reach so far, however, as it only rejected UBAF's invitation to dismiss Plaintiffs' turnover claims based on *Peterson II*, and it expressly reserved judgment on the traditional FSIA analysis that must also be conducted before attachment occurs. Opinion at 24.  UBAF's argument that the Opinion is an injunction is thus without merit.

*Caribbean Trading & Fid. Corp.*, 948 F.2d at 115.  Therefore, the Court does not find that the Opinion is an immediately appealable interlocutory appeal.  Additionally, the Court declines to exercise its discretion to certify the issues for appeal under 28 U.S.C. § 1292(b).  To the extent, then, that UBAF's appeal was improper, it does not divest the Court of jurisdiction and require a stay of discovery.  *See United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996).

Additionally, execution immunity does not "impl[y] coextensive discovery-in-aid-of-execution immunity," particularly regarding discovery of extraterritorial assets.  *Republic of Arg. v. NML Capital, Ltd.*, 573 U.S. 134, 144 (2014).  Consequently, even if UBAF was correct that the Opinion constituted an immediately appealable collateral order, a collateral order divests the Court of jurisdiction only with respect to the issues being appealed.  *Edrei v. City of N.Y.*, No. 16-cv-1652 (RWS), 2017 U.S. Dist. LEXIS 141097, at *3–4 (S.D.N.Y. Aug. 31, 2017).  It would not therefore divest the Court of jurisdiction as to discovery in aid of execution.

Second, UBAF is correct that, under Fed. R. App. P. 4(a)(4), a timely motion for reconsideration tolls the time for appeal such that the Court retains jurisdiction to rule on the motion, and the notice of appeal is not effective until the Court resolves the motion.  UBAF therefore invites the Court to decide its motion for reconsideration on the premotion letters.  Doc. 42 at 3.  The Court accepts the invitation and denies the motion.  "A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided."  *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks and citation omitted).  Rather, the party must "present controlling decisions or facts that the court originally overlooked" that "might reasonably be expected to alter the [Court's] conclusion" because "a mere disagreement with the Court's legal determination is not a valid basis for reconsideration."  *In re M/V Rickmers Genoa Litig.*, Nos. 05-cv-4261 (LAP), 05-cv-6226 (LAP), 05-cv8841 (LAP), 05-cv-9472 (LAP), 2011 U.S. Dist. LEXIS

4

154420, at *8 (S.D.N.Y. July 8, 2011) (internal citations omitted). UBAF failed to do so. *See* Doc. 27 (UBAF Premotion Letter). UBAF's premotion letter rehashed the same arguments it raised in support of its motion to dismiss—namely the continued viability of *Peterson II* in the Second Circuit and issues regarding principles of international comity and the separate entity doctrine also resolved by following *Peterson II*—and it failed to identify any facts or law that would change the Court's conclusions. Accordingly, UBAF's motion for reconsideration is denied.

Finally, the Court already noted at the August 10, 2023 premotion conference that it did not anticipate it would stay discovery if the Second Circuit's decision in *Levin* did not alter the law concerning Plaintiffs' turnover claims. Doc. 34 at 16:16–20. As *Levin* has now been dismissed without any decision altering the viability of *Peterson II*, the Court will not continue any discretionary stay in the instant case.

Accordingly, the stay is lifted, UBAF is directed to answer the complaint, and the parties are ordered to proceed to discovery.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 27 and 31.

SO ORDERED.

Dated:    September 1, 2023
              New York, New York

_____
Edgardo Ramos, U.S.D.J.